UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **CV 20-8285-JFW(AGRx)**                              Date:  September 17, 2020

Title:     Frank Rodarte -v- The Terminix International Company Limited Partnership

---

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
               None                                                                     None

**PROCEEDINGS (IN CHAMBERS):**   ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

On May 14, 2020, Plaintiff Frank Rodarte ("Plaintiff") filed a Complaint in Los Angeles Superior Court against Defendants The Terminix International Company Limited Partnership ("Terminix") and Antimite Termite and Pest Control ("Antimite") (collectively, "Defendants"). On September 10, 2020, Terminix filed its Notice of Removal, alleging this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Terminix bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988).

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. In its Notice of Removal, Terminix concludes that Plaintiff is a citizen of California because his Complaint alleges that he is a resident of the County of Los Angeles, State of California. Notice of Removal, ¶ 8. However, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state.

*Id.* Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id.* "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* In addition, Terminix alleges that it is a citizen of Tennessee because its principal place of business is located in Memphis, Tennessee. Notice of Removal, ¶ 10. However, a limited liability partnership is a citizen of every state of which its partners are citizens. *See, e.g., Paper First Affiliates, LLC v. McGladrey, LLP*, 2012 WL 12903655 (C.D. Cal. Aug. 13, 2012) ("[F]or purposes of determining the existence of diversity jurisdiction in a case involving a limited liability company or a limited liability partnership, the Court is to look to the citizenship of each *member* of the limited liability company or partnership . . . The citizenship of each of the members or partners of Paper First *and* McGladrey therefore must be alleged") (emphasis in original). Terminix has failed to identify or allege the citizenship of all of its partners.[1] Therefore, Terminix has failed to meet its burden to establish that diversity jurisdiction exists. *See Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

---

[1] Terminix alleged the citizenship of its general partner, but it has not alleged the citizenship of any limited partners.